N. A. HARDEE & COMPANY, plaintiffs in error, *vs.* JOHN T. HOWARD and others, defendants in error.

1. When A draws on B an accommodation acceptor, promising to place means in his hands to meet the draft, payable at bank at its maturity, and stipulating, in case of failure, to pay him ten per cent. on the principal and interest of the draft, as stipulated damages: *Held,* That this is not a penalty, but that the agreement of the parties may be inferred.

Assumpsit, in Terrell Superior Court. Tried before Judge JOHN T. CLARK, at May Term, 1863.

This was an action brought by N. A. Hardee & Company against John T. Howard, John B. Vanover, and John T. Sims, to recover the principal, interest, and stipulated damages, due on the following draft and agreement, to-wit:

" DAWSON, GA., 30th May, 1860.

" Five months after date, pay to the order of S. R. Weston, agent, at the Merchants & Planters' Bank, of Georgia, at Savannah, Ga., $2,370 85, for value received, and charge the same to the account of your obedient servants.

" JOHN T. HOWARD.<br>" J. B. VANOVER.<br>" JOHN T. SIMS.

" To Messrs. N. A. HARDEE & COMPANY."

" I hereby promise and agree with the acceptors of the above draft, that if I fail to send to them, in time, cotton sufficient to satisfy the same at maturity, then, and in that case, I bind myself, my heirs, executors, administrators and assigns, to pay to the said acceptors ten per cent. upon the principal and interest of the aforesaid draft, as stated and liquidated damages therefor.

" JOHN T. HOWARD.<br>" J. B. VANOVER.<br>" JOHN T. SIMS."

When the case was called up and ready for a hearing, the plaintiffs introduced in evidence the draft which had been accepted and paid by them, together with the agreement aforesaid, and closed.

The presiding Judge instructed the jury that the written agreement to pay the ten per cent. damages was not binding upon the defendants ; and the jury returned a verdict in accordance with the instructions. This charge of the presiding Judge is the error complained of.

D. A. VASON, for plaintiff in error.

P. J. STROZIER, *contra*.

Hardee & Company *vs.* Howard and others.

*By the Court.*—LUMPKIN, C. J., delivering the opinion.

The law applicable to this case has already been stated in the case of Sutton against Howard, decided at this term. I must add that whether the sum stipulated to be paid in cases of this sort is to be considered a penalty or as liquidated damages—does not depend upon what the parties designate the contract, but Courts are to gather their intention from the whole instrument taken together, and construe it accordingly.

In Sainter vs. Ferguson, 7 C. B., 716-728, where the agreement was "in consideration that A, of M, surgeon, will engage the undersigned, B, as assistant to him as surgeon, I, the said B, promise the said A that I will not at any time practice as surgeon at M, or within seven miles thereof, under a penalty of £500," this was held to be liquidated damages. Coleman, J., said : "Although the word 'penalty' —which would *prima facie* exclude the notion of stipulated damages—is used here, yet we must look at the nature of the agreement and the surrounding circumstances to see whether the parties intended the sum mentioned to be a penalty or stipulated damages. Considering the nature of this agreement, and the difficulty plaintiff would be under in showing what specific damage he had sustained from defendant's breach of it, I think we can only reasonably construe it to be a contract for stipulated and ascertained damages."

So, on the other hand, the mere use of the words "liquidated damages," is not decisive against the sum being held to be a penalty. Kemble vs. Farrer, 6 Bingham, 141.

I repeat what was said in Sutton vs. Howard, namely : That the mere largeness of the sum fixed will not, *per se,* be sufficient to hold it to be a penalty.

What is this agreement ? Messrs. John T. Howard, J. B. Vanover, and John T. Sims, drew on Messrs. N. A. Hardee & Company, in favor of S. R. Weston, agent, a draft for $2,370 85, payable at the Merchants & Planters' Bank of Georgia, at Savannah, promising and agreeing with the

acceptors that if they failed to send them in time cotton sufficient to satisfy the same at maturity, then, and in that case, they bind themselves, their heirs, etc., to pay to the said acceptors ten per cent. on the principal and interest of the aforesaid draft, as stated and liquidated damages therefor. The contract is violated—the cotton is not sent—the acceptors have to pay the draft, and they now sue to recover the principal and interest of the draft—with ten per cent. thereon —to indemnify themselves. 'Is the sum fixed by the parties for this purpose unreasonable ? How can the plaintiffs show what specific damage they have sustained from the defendant's breach of the contract ?

We think this a stronger case than that of Sutton vs. Howard. In that case, there was a technical rule apparently in the way, to-wit: that where the payment of a smaller sum is secured by a larger, the sum agreed for must *always* be considered as a penalty. No such difficulty exists in the present case, and we endeavored to show that rule, as broadly laid down in the books, required modification. and really, when properly understood, was not in the way in that case.

We hold, therefore, that the presiding Judge misdirected the jury upon the point of law involved.

Let the judgment be reversed.

---

Lewis G. Sutton, administrator, etc., plaintiff in error, *vs.* John T. Howard, James Henderson, and Wm. H. Turner, defendants in error.

1. The intention of the parties is mainly to be considered in determining whether an agreement is a penalty or liquidated damages.
2. Courts will not relieve against liquidated or ascertained damages, unless it would be unconscienable and oppressive to enforce them.

Assumpsit, in Terrell Superior Court. Tried before Judge John T. Clark, at the May Term, 1863.

This was an action brought by Lewis G. Sutton, as the administrator of Thomas J. Johnson, deceased, against John